UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLA SMITH, et al.,

    Plaintiffs,                                 Hon. Robert J. Jonker

v.                                                   Case No. 1:25-cv-1133

BRIAN S. BERGER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiffs' Motion for Emergency Temporary Placement. (ECF No. 8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be denied.

    Plaintiffs initiated this action against several individuals as well as a private law firm. Plaintiffs' complaint (ECF No. 1) is thin on specifics, but this much is clear. The Berrien County Family Court recently made decisions involving a child with which Plaintiffs disagree. Plaintiffs now move the Court to order that an individual, presumably the child referenced in their complaint, be placed in the custody of one of three people. (ECF No. 8).

    Injunctive relief is "an extraordinary remedy which should be granted only if. . . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiffs must first show that they are "being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d

1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the Court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs heavily against Plaintiffs' request. Plaintiffs have presented no evidence in support of their motion or otherwise demonstrated that relief is appropriate. Instead, Plaintiffs seek extraordinary relief on the basis of the unsworn statement that the individual on whose behalf they seek relief "is being abused by DART with feces in her mouth and fingers and there is blood on her nose/nostril." While the Court does not take lightly allegations of child abuse, Plaintiffs have presented nothing more than an unsupported legal conclusion. Likewise, Plaintiffs have failed to demonstrate that they are likely to prevail on any of the claims asserted in their complaint. Finally, the Court finds that interjecting itself into a state court family matter such as this would both cause substantial harm to others and be contrary to the public interest.

## CONCLUSION

Accordingly, the undersigned recommends that Plaintiffs' Motion for Emergency Temporary Placement (ECF No. 8) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 29, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge