UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLA SMITH, et al.,

      Plaintiffs,

v.

BRIAN S. BERGER, et al.,

      Defendants.

_____/

CASE No. 1:25-CV-1133

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 9) and Plaintiff's Objection to the Report and Recommendation (ECF No. 11). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in such circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiffs' objections.   After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends denying Plaintiffs' Motion for Emergency Temporary Placement.   (ECF No. 8).   Plaintiffs' objections are lengthy, but they fail to deal in a meaningful way with the Magistrate Judge's analysis.[1]  The Magistrate Judge carefully and thoroughly considered the record and the governing law.   The Magistrate Judge properly analyzed Plaintiffs' claims.   Nothing in Plaintiffs' objections changes the fundamental analysis.   To the contrary, the objections fail to address the particular point of the Magistrate Judge that emergent relief would interfere with ongoing state court proceedings.   The objections certainly detail Plaintiffs' view of what is wrong with the state process, but like the underlying motion the objections are unsworn

---

[1] A week after filing her objections, Plaintiff filed a cursory motion to seal the objections.   (ECF No. 12).   The motion its entirely conclusory and unaccompanied by any legal or factual development.   In this, Plaintiff falls far short of overcoming the presumption of public access.   As Local Rule 10.6(a) makes clear, "[t]o preserve the qualified, common-law presumption of public access to judicial files in civil cases, the filing of documents under seal should be the exception," limited to cases that involve information "that is truly proprietary or confidential." Documents may be sealed "only if authorized by statute or by the Court for good cause shown." W.D. Mich. LCivR 10.6(b). "When a district court relies upon a document in determining the litigants' substantive rights, and in performing its adjudicatory function . . . [t]he common law presumption of public   access attaches to the document." *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996) (quotation omitted).   A court's decision to seal a record is governed by a balancing test that generally favors public availability.   *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (holding that only the most compelling reasons justify nondisclosure of judicial records).   This "preference for public access is rooted in the public's First Amendment right to know about the administration of justice." *Id.* (quotation omitted).   Public access "helps safeguard the integrity, quality and respect in our judicial system and permits the public to keep a watchful eye on the workings of public agencies." *Id.* (quotations omitted). The mere desire to maintain the confidentiality of sensitive information is generally not enough to justify a seal.  *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).   A particularized showing of serious harm is necessary.  *See Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745–46 (E.D. Mich. 2001). Plaintiff fails to make this showing.

statements and unsupported by the evidentiary record. Plaintiffs fall far short of meeting their necessary burden to warrant injunctive relief. The Court agrees with the Magistrate Judge that Plaintiffs' motion must be denied for the very reasons articulated by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 9) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Emergency Temporary Placement (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (ECF No. 12) is **DENIED.**

Dated:   November 12, 2025              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE