UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLA SMITH, et al.,

    Plaintiffs,                                Hon. Robert J. Jonker

v.                                             Case No. 1:25-cv-1133

BRIAN S. BERGER, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiffs' Ex Parte Request for Visitation of Minor Child. (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be denied.

    Plaintiffs initiated this action against several individuals as well as a private law firm. Plaintiffs initiated this action because they disagree with certain decisions involving a minor child, presumably their daughter, made by the Berrien County Family Court. Plaintiffs previously moved the Court to order that an individual, presumably their daughter, be placed in alternative custody. (ECF No. 8). The Court denied this request. (ECF No. 9, 14). Plaintiffs now move the Court for an Order permitting them to visit their minor child.

    Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiffs must first

show that they are "being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the Court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs heavily against Plaintiffs' request. Plaintiffs have failed to establish that their underlying claims have merit or that they are otherwise entitled to the requested relief. In support of the present request, Plaintiffs merely assert that they possessed an "email" authorizing them to visit with their daughter and that, despite this email, their attempt to visit their daughter were thwarted. There is no indication as to the contents of this email and likewise no indication who authored this email or the context in which it was authored. Plaintiffs further allege that "the local city police," after reviewing the alleged email, likewise prevented them from visiting their daughter. Without additional facts or context, the

2

fact that law enforcement was unpersuaded by Plaintiffs' email further weighs against Plaintiff's request as it suggests that there existed a justifiable basis for preventing Plaintiffs from visiting with their daughter. Finally, the Court finds that interjecting itself into a state court family matter such as this would both cause substantial harm to others and be contrary to the public interest. Accordingly, the undersigned recommends that Plaintiffs' motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiffs' Ex Parte Request for Visitation of Minor Child (ECF No. 16) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 19, 2025     /s/ Phillip J. Green
                            PHILLIP J. GREEN
                            United States Magistrate Judge

3