UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLA SMITH, et al.,

      Plaintiffs,                          Hon. Robert J. Jonker

v.                                          Case No. 1:25-cv-1133

BRIAN S. BERGER, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiffs' Motion for Emergency Temporary Restraining Order.  (ECF No. 21).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be denied.

      Plaintiffs initiated this action against several individuals as well as a private law firm.   Plaintiffs' complaint (ECF No. 1) is thin on specifics but this much is clear.   The Berrien County Family Court recently made decisions involving a child with which Plaintiffs disagree.   Plaintiffs previously moved the Court to order that an individual, presumably the child referenced in their complaint, be placed in the custody of one of three people.   (ECF No. 8).   The Court denied this request on various grounds.   (ECF No. 9, 14).

      Plaintiffs now move the Court to "grant an emergency TRO to be placed to protect the integrity of this proceeding and not allow any further irrefutable harm and injury to the plaintiff's and minor handicapped child ERSV."   (ECF No. 21, PageID.97).   While

Plaintiffs' dissatisfaction with the actions and/or inactions of various state and local officials is palpable, it is unclear precisely what action Plaintiffs are presently requesting the Court take.  Regardless, Plaintiffs have failed to demonstrate that entry of a temporary restraining order is appropriate.

The decision to grant or deny a temporary restraining order (TRO) falls within the Court's discretion.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).  Pursuant to Federal Rule of Civil Procedure 65, the Court may order injunctive relief, without notice to the adverse party, only if two conditions are satisfied.[1]  FED. R. CIV. P. 65(b)(1).  First, Plaintiffs must present "specific facts in an affidavit or verified complaint" which "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiffs] before the adverse party can be heard in opposition."  FED. R. CIV. P. 65(b)(1)(A).  Second, Plaintiffs must certify in writing "any efforts made to give notice [to Defendants] and the reasons why it should not be required."  FED. R. CIV. P. 65(b)(1)(B).  Plaintiffs have failed to satisfy either requirement.

The Court is not unsympathetic to Plaintiffs' allegations or concerns, however, the Court simply cannot intervene in this matter on the present record.  Accordingly, the undersigned recommends that Plaintiffs' motion be denied.  The undersigned further recommends that the present motion (ECF No. 21) be stricken from the record on the ground that it contains photographs of a child whose identity has not been sufficiently shielded.

---

1 Plaintiffs, who have not been approved to file electronically, have failed to demonstrate that the present motion was properly served on Defendants.

## CONCLUSION

Accordingly, the undersigned recommends that Plaintiffs' Motion for Emergency Temporary Restraining Order (ECF No. 21) be denied. The undersigned further recommends that the present motion (ECF No. 21) be stricken from the record.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 7, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

3