UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLA SMITH, et al.,

Plaintiff,

Hon. Robert J. Jonker

v.

Case No. 1:25-cv-1133

BRIAN S. BERGER, et al.,

Defendants.
_____________________________________/

**REPORT AND RECOMMENDATION**

Plaintiffs Michella Smith and Jamie Vermilyer initiated this action *in pro per* under 42 U.S.C. § 1983 against the Honorable Brian S. Berger, Berrien County Family Court Judge; Richard Racht, Berrien County Assistant Prosecuting Attorney; Attorney Marikaye Long; Attorney Ryan Funk; and the law firm Duncan & Associates, PLLC ("the Duncan Law Firm"). (ECF No. 1). The cryptic allegations in the complaint are difficult to decipher, but Plaintiffs appear to be complaining about child-welfare proceedings involving a third-party—an unnamed disabled child—in the Berrien County Family Court.

This matter is before the Court on Defendants' various motions to dismiss: Attorney Funk and the Duncan Law Firm's motion to dismiss (ECF No. 10); Attorney Long's motion to dismiss (ECF No. 15); and Judge Berger and Assistant Prosecutor

Racht's motions to dismiss (ECF No. 36, 37).[1] Plaintiff filed a single, combined response to all the motions (ECF 42), and Defendant Long filed a reply (ECF No. 49).

Defendants advance essentially the same arguments, including that Plaintiffs lack Article III standing and that, for various reasons, the complaint fails to state a cognizable claim. Inasmuch as Plaintiffs fail to establish standing to bring this case, the undersigned judicial officer recommends that the Court dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. In the alternative, the undersigned recommends that the Court dismiss the complaint, pursuant to Rule 12(b)(6), for failure to state a claim.

## LEGAL STANDARDS

### A. Motions to Dismiss for Lack of Subject Matter Jurisdiction

If a Rule 12(b)(1) challenge is asserted to the Court's subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Houchens v. Beshear*, 850 Fed. Appx. 340, 342 (6th Cir. 2021). Moreover, the Court "must" consider a jurisdictional challenge first because Defendants' other arguments for relief are moot if the Court lacks jurisdiction. *Ibid.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations

[1] Defendants Berger and Racht appear to have filed duplicate motions.

omitted). A cause of action is presumed to fall outside federal court jurisdiction, unless such jurisdiction is established by the party asserting it. *Id.* Article III of the Constitution limits federal jurisdiction to "cases and controversies," and standing is "an essential and unchanging part of" this requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

**B. Motions to Dismiss for Failure to State a Claim**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although this standard is not equivalent to a " 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "While *pro se* pleadings are 'to be liberally construed' and are 'held to less stringent standards than formal pleadings drafted by lawyers,' *pro se* plaintiffs must still satisfy basic pleading requirements." *Edwards v. University of Dayton*, 142 F. Supp.3d 605, 607 (S.D. Ohio Sept. 15, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The burden to obtain relief under Rule 12(b)(6) rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ibid.* A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

## ANALYSIS

### I. Plaintiffs Lack Standing to Bring a Cause of Action on Behalf of the Disabled Child that Was the Subject of the Family Court Proceedings.

To establish standing, Plaintiffs must show, at a minimum, three things: (1) that they suffered an "injury in fact"—"an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent," rather than "conjectural" or "hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant' "; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury

will be 'redressed by a favorable decision.' " *Id.* at 560-61. Plaintiffs bear the burden of establishing each element of standing. *Id.* at 561.

The complaint is largely indecipherable. Plaintiffs appear to complain about the treatment "a disabled child who is nonverbal" received from the Berrien County Family Court. (ECF No. 1, PageID.4). But there is nothing in the complaint to suggest how Plaintiffs have suffered an injury in fact that is traceable to the actions of any of the named Defendants. In response to Defendants' motions to dismiss, Plaintiffs argue that they have standing because they "have a personal stake in the lawsuit thus providing that the injury is traceable, not speculative." (ECF No. 42, PageID.209). Such a conclusory statement would be insufficient to establish standing, even if it were contained in the complaint.

Plaintiffs also fail to indicate in the complaint what, if any, relationship they have to this disabled child; much less, do they set forth any legal basis for bringing a cause of action on behalf of the child.[2] Regardless of any paternal or other relationship with this child, however, as *pro se* litigants, Plaintiffs cannot represent the interests of that child in court. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) ("plaintiffs in federal court may not 'appear pro se where interests other than their own are at stake.' "). " 'The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he

---

[2] In their response to the motions to dismiss, Plaintiffs mention that the disabled child is their minor daughter. (*See* ECF No. 42, PageID.206).

purports to represent.' " *Id.* (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)); *cf.* 28 U.S.C. § 1654 ("In all courts of the United States the parties *may plead and conduct their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)).

Having failed to establish standing, Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.

## II. The Complaint Otherwise Fails to State a Cognizable Claim.

Rule 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this requirement is to ensure that a defendant has "fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Despite indulgent review of the complaint, the undersigned finds Plaintiffs' claims to be unintelligible. The following is the complete statement of their claims:

> Berrien County Family Court used/allowed another agency's authority to accomplish their goals. A wrongful arrest caused court then the court social workers beat & caused great bodily injury to a disabled child who is nonverbal—photos of injury's [sic] were kept out of court /testimony. The injured child was denied a physician at time of burns & bruises—Judge denied federal proceedings—social workers lied under oath disobeying federal instructions. Hearing closing out without federal investigation—alt evidence is being rejected. Social worker code of ethics—kept out of court then punished. Victim witnessed police smoking methamphetamine and cocaine then told to leave town or be punished.

(ECF No. 1, PageID.4).

This falls well short of satisfying Rule 8(a), as well as the minimum requirements articulated in *Twombly* and *Iqbal*. *See* 550 U.S. at 555; 556 U.S. at 678. Plaintiffs fail to articulate which Defendant did what to whom. As such, the complaint fails to plead facts that would allow the court to draw a reasonable inference that any of the named defendants is liable for the misconduct alleged. *Cf. Iqbal*, 556 U.S. at 679.

Given the manifest deficiencies in the complaint, the Court need not address the various other arguments raised in Defendants' motions. Should the Court find that it has subject matter jurisdiction over this case, the undersigned recommends that the complaint be dismissed for failure to state a claim.

## CONCLUSION

For the reasons articulated herein, the undersigned judicial officer recommends that Defendants' motions to dismiss (ECF No. 10, 15, 36, 37) be granted and the case dismissed with prejudice.

Objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 24, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge